IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

T-MAC, LLC  *
 *
    v.  *  Civil No. JFM-07-1401
 *
MAYOR AND COMMON COUNCIL  *
OF WESTMINSTER, MARYLAND  *
\*\*\*\*\*

MEMORANDUM

    Plaintiff alleges in this case that the Mayor and Common Council of Westminster, Maryland took its property, in violation of Maryland law and the federal constitution, without just compensation. Plaintiff originally filed the action in the Circuit Court for Carroll County, Maryland. Defendant removed the action on the basis of the federal claim asserted against it. Presently pending are a motion to remand filed by plaintiff and a motion to dismiss filed by defendant.

    The gravamen of plaintiff's federal "taking" claim is that the City of Westminster violated the Constitution by requiring plaintiff to contribute the sum of $42,500.00 toward improvement of a public roadway, known as "Airport Drive, in order to develop its property. According to plaintiff, requiring this contribution constituted an "exaction" within the meaning of federal eminent domain law. Plaintiff's position is without merit. The Supreme Court of the United States has found an "exaction" only where a property owner is required to dedicate land or a real property right as a condition to the development of its property. *See Dolan v. City of Tigard*, 512 U.S. 374, 380 (1994); *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 827-29 (1987). Here, plaintiffs were required by the City to contribute only money for the improvement of a

road, not any land or real property interest.[1]

For these reasons, plaintiff has failed to state any federal claim against defendant. Its state law claims raise state law questions that, in my judgment, are best left to the Maryland courts for resolution. Accordingly, I will remand the remaining claims to be adjudicated in the Circuit Court for Carroll County, Maryland. *See* 28 U.S.C. §1441(c) (West 1994).

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: August 16, 2007          /s/_____
                               J. Frederick Motz
                               United States District Judge

---

[1] Plaintiff relies upon *City of Annapolis v. Waterman*, 357 Md. 484, 745 A.2d 1000 (2000), in support of its view that a requirement of the payment of money can constitute an "exaction." In *Waterman*, however, the Maryland Court of Appeals, following Supreme Court precedent, defined exactions as "land-use decisions conditioning approval of development on the dedication of property to public use." 357 Md. at 519, 745 A.2d at 1018. Although the Court did not define "property," the case involved a requirement that the developer set aside recreational space in order to develop a subdivision.

I also note that if the requirement that plaintiff make a contribution of $42,500.00 for the improvement of Airport Drive as a condition for the development of property does constitute an "exaction," plaintiff would also have to establish a lack of "rough proportionality" between the required contribution and the nature and extent of the impact of the contribution upon the proposed development. *Dolan*, 512 U.S. at 391. As to this element of its claim, plaintiff relies upon allegations that defendant had imposed the contribution requirement only upon adjacent owners/developers who had projects active at the time defendant wanted to improve Airport Drive, not upon adjacent owners/developers who had already developed their property or who might wish to develop their property in the future. Although I need not reach the question, it appears that this disparity is not of the kind envisioned by the Supreme Court when it adopted the "rough proportionality" test.